IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT LINCOLN, NEBRASKA

| | |
|---|---|
| PETER J. GANTNIER, ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT AND REQUEST** |
| ) | **FOR JURY TRIAL** |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |

COMES NOW Plaintiff, Peter J. Gantnier, by and through his attorneys, ROSSI, COX & VUCINOVICH, P.C., and by way of claim against Defendant, alleges, avers and states:

1. At all times herein mentioned, Defendant, Union Pacific Railroad Company, a corporation, was and is now a duly-organized and existing corporation doing business in the State of Nebraska and other states.

2. Defendant was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in Nebraska and other states.

3. At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

4. The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

5. Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et. seq.* ("The Federal Employers' Liability Act"); regulations promulgated under the authority of those sections; and other federal safety laws.

6. Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

7. On October 24, 2002, Plaintiff was employed by Defendant Union Pacific Railroad Company as a carpenter/boom truck driver on a bridge project near Lawrence, Kansas.

8. At said time and place, Plaintiff was driving the boom truck to which he

had been assigned from the bridge project to where his personal items were stored in a vehicle.

9. With the knowledge and permission of his supervisors, and as was the custom, Plaintiff drove the boom truck on the track to where his personal items were stored in another vehicle.

10. Prior to and during the work on the bridge project, Plaintiff's supervisors obtained permission to work on the track by way of a Form B.

11. A Form B is a method of obtaining permission to work on a section of track with protection from oncoming trains or other track-mounted vehicles. The location of the vehicle where Plaintiff's personal items were stored was within this Form B.

12. As Plaintiff and his assistant foreman were proceeding east from the bridge project, and still within the Form B protection, a light that Plaintiff and his assistant foreman thought was the headlight of an oncoming train appeared on their same track.

13. Plaintiff and his assistant foreman jumped from the truck to avoid being injured in the collision.

14. When Plaintiff jumped, he suffered the injuries enumerated hereinafter.

15. After the collision, Plaintiff's assistant foreman told Plaintiff that he had given permission to the vehicle that Plaintiff's boom truck collided with (a Y-crane) to come into the Form B, but had neglected to tell Plaintiff, and had himself forgotten.

16. Plaintiff reported the injury to his supervisor and completed a personal injury report.

17. At said time and place, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

    (a) the duty to investigate, institute, and implement reasonably safe methods and procedures for the performance of the work;

    (b) the duty to train its supervisors and employees in proper working techniques; and

    (c) the duty to comply with company rules and Federal regulations regarding track protection.

18.     Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

19.     By reason of the facts hereinabove set forth and as a result thereof, Plaintiff suffered the following injuries: injury to his back, chest, left elbow and ankle.

20.     Plaintiff's injuries hereinabove enumerated have been painful and disabling, and for an indefinite time in the future will be painful and disabling, and have and will in the future cause Plaintiff mental and physical pain and suffering.

21.     Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

22.     By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization.  Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

23.     By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention.

24.     By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his damage.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Aurora, Colorado this 14th day of October, 2005.

/s/ JAMES L. COX, JR.
James L. Cox, Jr., #20223
Attorney for Plaintiff
Rossi, Cox & Vucinovich, P.C.
3801 E. Florida Ave., Suite 905
Telephone: (303) 759-3500
Fax: (303) 759-3180
jcox@rcvpc.com

PLAINTIFF'S ADDRESS
1613 County Road 14
Ames, Nebraska 68621-2113