# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2007 MAR -7  PM 5: 13

OFFICE OF THE CLERK

| | | |
|---|---|---|
| PETER J. GANTNIER, | ) | 4:05CV3263 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **FINAL JURY** |
| | ) | **INSTRUCTIONS** |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give  you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of and during the trial are not repeated here.

# INSTRUCTION NO. 2

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

During this trial I may have occasionally asked questions of witnesses in order to bring out facts not then fully covered in the testimony.  Do not assume that I hold any opinion on the matters to which my questions related.

# INSTRUCTION NO. 3

You are reminded that you are not to engage in any independent investigation of this case. For instance, you are not to consult a dictionary or any other like reference.

# INSTRUCTION NO. 4

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

# INSTRUCTION NO. 5

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the greater weight of the evidence.  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you must resolve that issue against the party who has the burden of proving it.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

# INSTRUCTION NO. 6

A witness who has special knowledge, skill, experience, training, or education in a particular area may testify as an expert in that area. You determine what weight, if any, to give to an expert's testimony just as you do with the testimony of any other witness. You should consider the expert's credibility as a witness, the expert's qualifications as an expert, the sources of the expert's information, and the reasons given for any opinions expressed by the expert.

# INSTRUCTION NO. 7

The parties have stipulated—that is, they have agreed—that certain facts are uncontroverted. You should, therefore, treat these facts as having been proved:

1.    Defendant, Union Pacific Railroad Company, is a corporation duly organized and existing under the laws of the State of Delaware that is engaged in the business of a common carrier by railroad in interstate commerce in Nebraska and other states;

2.    Plaintiff, Peter J. Gantnier, brings this action against Defendant under the provisions of the Federal Employers' Liability Act ("FELA"). In particular, he claims the right to recover damages under 45 U.S.C. § 51, which provides, in part:

> Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. . . ..

3.    On October 24, 2002, Plaintiff was employed by Defendant as a carpenter/boom truck driver on a bridge project near Lawrence, Kansas;

4.    At said time and place, Plaintiff was driving the boom truck to which he had been assigned from the bridge project to where his personal items were stored in a vehicle;

5.    With the knowledge and permission of one of Plaintiff's co-workers, Plaintiff drove the boom truck on the track to where his personal items were stored in another vehicle;

6.    One of Plaintiff's co-workers obtained permission to work on the track by way of a form B;

7.    Plaintiff and his co-worker were proceeding east from the bridge project and within the form B protection and observed a headlight on their same track from an Ohio crane, whereupon Plaintiff and his co-worker jumped from the truck;

8.    Plaintiff's co-worker gave permission to the Ohio crane to enter the form B protection, and the co-worker admits he did not inform Plaintiff of the same;

9.    Plaintiff completed a Form 52032 and reported the incident to his co-workers; and

10.    The incident of October 24, 2002, occurred as a result of the negligence of one of Plaintiff's co-workers and, as the employer of the co-worker, Defendant, as a matter of law, is held responsible for the acts and omissions of the employee.

11.    Defendant admits that Plaintiff was injured but disputes the nature and extent of the injuries.

# INSTRUCTION NO. 8

You must award Plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate him for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of personal injuries sustained on October 24, 2002.

You should consider the following elements of damages:

      1.    The physical pain and mental suffering Plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total, including any aggravation of a pre-existing condition; and

      2.    The present value of medical care and supplies reasonably certain to be needed by Plaintiff in the future that will not be covered by insurance provided by Defendant.

I instruct you that there is no claim for lost earnings. I also instruct you that there is no claim for household services.

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy. You may not include in your award any sum for court costs or attorneys' fees.

# INSTRUCTION NO. 9

You should compensate Plaintiff for any aggravation of an existing disease or physical defect resulting from the injury sustained on October 24, 2002.

If you find that there was an aggravation you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

# INSTRUCTION NO. 10

If you find that Plaintiff is reasonably certain to incur medical expenses that will not be covered by insurance provided by Defendant, then you must determine the present value in dollars of such future damage, since the award of future damages necessarily requires that payment be made now in one lump sum and Plaintiff will have the use of the money now for a loss that will not occur until some future date. You must decide what those future losses will be and then make a reasonable adjustment for the present value.

# INSTRUCTION NO. 11

The standard table of mortality that the court has judicially noticed and received in evidence in this case may be considered by you in determining how long the claimant may be expected to live. According to the table of mortality, the life expectancy in this country of a male person 50 years of age is 28.8 more years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex. That estimate is based upon a limited record of experience. The inference that may reasonably be drawn from life expectancy as shown by the table applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of Plaintiff, you should consider, in addition to what is shown by the mortality table, all other facts and circumstances in evidence in the case bearing upon the life expectancy of Plaintiff, including his occupation, habits, past health record and present state of health.

When considering life expectancy, in determining any reasonably certain future damage, you will bear in mind, of course, the distinction between entire-life expectancy and work-life expectancy.

Those elements of damage that are related to future income should be measured only by Plaintiff's remaining work-life expectancy, not Plaintiff's entire-life expectancy.

## INSTRUCTION NO. 12

Plaintiff will not be required to pay any federal or state income taxes on any amount that you award.

## INSTRUCTION NO. 13

The law forbids you to return a verdict determined by chance.  You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict.  A verdict determined by chance is invalid.

# INSTRUCTION NO. 14

Your verdict must be agreed to by all nine (9) of you, that is, it must be unanimous.

## INSTRUCTION NO. 15

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. You may summon the courtroom deputy by using the telephone in the jury room to call my chambers at the number provided by the courtroom deputy. The caller should clearly identify himself or herself as a member of the jury so that my staff will react

accordingly.  I will respond to your communication as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me, how your votes stand numerically.

If you do not agree on a verdict by 5:00 o'clock p.m., you may separate and return for deliberation at 9:00 o'clock a.m. on the next business day.  You may deliberate after 5:00 o'clock p.m., but, if so, please notify my staff in advance by using the telephone in the jury room to call my chambers at the number provided by the courtroom deputy.  Please also notify my chambers staff by telephone whenever you separate during the day or at the end of the day, and advise when you expect to return to the jury room to reconvene your deliberations.  If you do separate, then during that time, you are not allowed to discuss this case with anyone, even another juror.

Fourth, your verdict must be based solely on the evidence and law which I have given to you in my instructions.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, complete it pursuant to the instructions on the form, and advise my chambers staff by telephone when you are ready to return to the courtroom to deliver your verdict.

Submitted at __12:57_____ o'clock a.m./p.m.

DATED this __7th__day of __March_____, 2007.

BY THE COURT:

Richard G. Kopf
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PETER J. GANTNIER, | ) | 4:05CV3263 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **VERDICT FORM** |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT

We, the jury, assess Plaintiff's damages at $_____.

## EXECUTION OF VERDICT FORM

**Note:**     The Foreperson shall sign and date the verdict form, and such signature shall mean that the verdict of the jury was unanimous.

DATED this _____ day of _____, 2007.

_____
**FOREPERSON**